### UNITED STATES v. CEDARBURG MILK CO. et al.

(District Court, E. D. Wisconsin. November 1, 1922.)

Internal revenue ⬤�net7—Transfer of property held taxable gain.

Where facts showed that corporation, on a sale or other disposition of the property, made a gain, the taxability of such gain was not to be avoided on the theory that its property became merged with the property of another corporation, and it was immaterial that part of the consideration was in corporate stock of the vendee, and that under state law no right existed to stipulate for part of the consideration in corporate stock.

⬤⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by the United States against the Cedarburg Milk Company and others. Decree for plaintiff.

H. A. Sawyer, U. S. Atty., of Milwaukee, Wis.

.F. H. Gugel and Glicksman, Gold & Corrigan, all of · Milwaukee, Wis., for defendants Cedarburg Milk Co., Berns, Gridley Milk Co.

E. J. Koelzer, of Milwaukee, Wis., for defendants Tews and Hemmen.

GEIGER, District Judge. The facts, without controversy, show that the Cedarburg Milk Company, on a sale or other disposition of the property, made a gain. The taxability of such gain is not to be avoided by the corporation upon the theory that, in a sense, its property became merged with the property of the defendant Gridley Dairy Company. The contract entered into by the corporation deals exclusively with its transfer of its property, and the circumstance that such contract bound the Gridley Dairy Company to increase its capital stock and issue a part of it to the Cedarburg Milk Company, "or to such persons as it may designate," simply emphasizes the transfer as a corporate act ·of disposition as upon ordinary sale. Clearly, the corporation cannot affirm such disposition, yet claim that it had no right, under the law of Wisconsin, to stipulate for part of the consideration in corporate stock of the vendee, wherefore taxability is avoided.

The government is entitled to a decree, whose terms may be settled upon five days' notice.