NEW JERSEY PORCELAIN CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29568. Promulgated March 25, 1929.

*Frederick Schwertner, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

## OPINION.

LANSDON: The parties agree that in the taxable year the petitioner sold its old plant to a group of its stockholders and received therefor cash in the amount of $1,340, all of the shares of its common and preferred stock owned by such group, of the par value of $13,660, and took a mortgage for the balance of the purchase price of $25,000, in the amount of $10,000. The books of petitioner reflect a depreciated cost of the assets alleged to have been sold, in the amount of $47,088.35. On these facts the petitioner contends that it sustained a loss in the amount of $22,088.35 and claims the right to deduct such loss from its gross income in the taxable year, under the provisions of section 234(a)(4) of the Revenue Act of 1921. This contention must be sustained if the proof establishes the cost of

the assets, since there is no controversy over the sales price unless the respondent's contentions that the inclusion of certain shares of the petitioner's stock in such price makes the sale a capital transaction and that when received the shares of common stock had a book value much in excess of par require a different conclusion.

In his brief counsel for respondent argues that the record fails to prove either the value of the property acquired for stock at date of incorporation, or the fair market price of the stock at such date. We can not sustain this contention. The evidence is clear that Wenczel paid $14,000 for the original property and that within a few days thereafter he transferred it to the petitioner for a consideration of 140 shares of the petitioner's stock which were issued to him and his associates. The proof of the fair value of the property originally acquired is satisfactory. Counsel also contends that the evidence of the depreciated cost of the property sold as the old plant is inadequate. Petitioner introduced the ledger entries purporting to show such cost. Its secretary testified that he had personally checked such entries against the books of original entry. All the books of the petitioner were produced at the taking of the depositions and were available for inspection and checking by the representatives of the respondent. There is no controversy over either the rates or amounts of the depreciation which the Government has allowed as deductions from operating income on the basis of the original cost here claimed. In these circumstances we are satisfied with the proof that the depreciated cost of the assets sold as the old plant was $47,088.35.

The Commissioner disallowed the loss in controversy on the theory that the inclusion of certain shares of the petitioner's outstanding capital stock in the consideration received from the purchasers converted the entire procedure of sale and purchase into a capital transaction from which neither gain nor loss could result. We think this contention is conclusively dealt with adversely to the theory of the respondent in *Behlow Estate*, 12 B. T. A. 1365. The facts in that appeal are quite similar to those proved in the instant proceeding. The respondent there relied on our decisions in *Simmons & Hammond Manufacturing Co.*, 1 B. T. A. 803; *Farmers & Merchants State Bank*, 2 B. T. A. 130; *Farmers Deposit National Bank*, 5 B. T. A. 520; and *H. S. Crocker Co.*, 5 B. T. A. 537. In the *Behlow* decision we said:

The cases relied upon are not authority for the position taken. This is not a case of a gain or loss realized or sustained by a corporation in the purchase of its own capital stock or gain or loss resulting from the purchase by or within an affiliated group of corporations. Petitioner seeks to take a loss represented by the difference between the cost of the stocks and bonds in question and the sale price thereof. The stock of petitioner is not in question nor a gain or loss resulting from the purchase thereof. In the *Appeal of Simmons & Hammond Manufacturing Co., supra,* the petitioner had purchased its

own capital stock and endeavored to take a loss on the subsequent sale of the same. We held that to be a capital transaction that did not result in a realized loss. Here the petitioner is not seeking such a loss but rather one that resulted from the sale to Behlow of stocks and bonds of other corporations for less than cost. The fact that the stocks and bonds were to be applied to the extent of their then value in payment of the purchase price of its own stock does not make the same a capital transaction from which neither gain nor loss may result. Cf. *Callanan Road Improvement Co.*, 12 B. T. A. 1109.

In the case of *United States* v. *Cedarburg Milk Co.*, 288 Fed. 996, the controversy hinged on facts almost identical to those herein, with the position of the parties reversed. There the taxpayers sought to escape payment on the gain resulting from the sale of capital assets in which a part of the consideration was shares of its own capital stock. The Government opposed this contention. The court held for the Government. The substance of that decision is thus stated in the syllabus:

Where facts showed that corporation, on a sale or other disposition of the property, made a gain, the taxability of such gain was not to be avoided on the theory that its property became merged with the property of another corporation, and it was immaterial that part of the consideration was in corporate stock of the vendee, and that under state law no right existed to stipulate for part of the consideration in corporate stock.

In conformity with our own decision in the *Behlow* proceeding, *supra*, and with the opinion of the court in *United States* v. *Cedarburg Milk Co.*, *supra*, we conclude that the transaction here involved is not to be regarded as the purchase by the petitioner of its own stock or the liquidation of such stock, but as a sale of capital assets. This being true, the purchase price must be ascertained by including therein the fair market value of the property other than cash and mortgages which was received. As we have found that the fair market price of petitioner's stock at date of sale was $100 per share, it follows that the alleged loss has been proved unless other facts of record yet to be considered bar this conclusion.

In his cross-examination of witnesses called by the petitioner, the respondent elicited the information that the books of the petitioner indicated a book value of its common stock at date of sale of at least $219 per share. The petitioner does not dispute the book value and even admits that its balance sheets as of December 31, 1923, indicate a book value of at least $240, but contends that as it has proved a market value of $100 per share the book value has no bearing on the issue here. As we have held above that the sale was not a capital transaction but a sale of capital assets, it follows that the loss must be determined by ascertaining the fair market value of the property, other than cash and mortgages included in the sales price.

*Decision will be entered for the petitioner.*